IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NEIL B. STAFFORD, | Civ. No. 04-3078-HO |
| Plaintiff, | Order |
| v. | |
| TIM CASSIDY, et al., | |
| Defendants. | |

The pro se complaint asserts claims under 42 U.S.C. § 1983 against plaintiff's parole officer (defendant Cassidy), and former sex offender treatment providers (defendants Robinson and Farrell). The court issued a summary judgment advice notice. Defendants filed a motion for summary judgment and plaintiff filed a motion for partial summary judgment.

## Undisputed Facts

Accept where noted, the following facts are undisputed. Plaintiff was sentenced for convictions on three counts of attempted sex abuse in the first degree and one count of

attempted coercion. State v. Stafford, 972 P.2d 47, 48 (Or.App. 1998), rev denied 994 P.2d 125 (Or. 1999).

The State Board of Parole and Post Prison Supervision imposed a condition on plaintiff's parole requiring him to enter and complete or obtain a successful discharge from a sex offender treatment program. Defendant Robinson terminated plaintiff from a treatment program because plaintiff refused to take unqualified responsibility for his offense behavior. Plaintiff states that it is more correct to say that he took responsibility for his acts upon one accuser, but denied ever touching another.

Cassidy lodged plaintiff in the Josephine County Jail on April 6, 2004, after learning plaintiff had been discharged from sex offender treatment. Cassidy recommended a sanction of fifteen jail units, which the board imposed. Bloom Aff., Ex. 1 at 1; Cassidy Decl., ¶ 4. After release from the jail sanction, defendant Farrell assumed treatment of plaintiff in a different treatment program. Farrell terminated plaintiff from that program because plaintiff would not take responsibility for his offense behavior. On July 2, 2004, plaintiff participated in a hearing before the parole board regarding plaintiff's use of the internet. The hearing took place in Cassidy's office. At the conclusion of the hearing, Cassidy lodged plaintiff in jail after learning Farrell terminated plaintiff from the second treatment program. Cassidy recommended thirty jail sanction units. The

board imposed forty-six units. Bloom Aff., Ex. 2 at 1.

## Plaintiff's Additional Facts

Plaintiff filed a statement asserting the following additional facts, which defendants dispute or contend are immaterial and unsupported with citations to admissible evidence.

Plaintiff was not informed of alleged parole violations or provided with a hearing prior to imposition of jail sanctions.

Plaintiff was denied a witness at the hearing regarding his internet use, and Cassidy impermissibly referred to plaintiff's failure of a polygraph test.

Cassidy admits he did not investigate the facts that lead to Robinson and Farrell terminating plaintiff from treatment.

Jail took $251.34 from plaintiff without observance of the process required by Or.Rev.Stat. § 169.150.

Plaintiff has not received a hearing regarding his designation as a predatory sex offender, despite requesting one as early as January, 2003, before he was released from prison. Cassidy admits that plaintiff informed him that plaintiff did not receive a hearing, and that the denial of a hearing was unlawful.

Defendants admit they did not review a psychiatric evaluation, or the results of a plethysmograph test administered to plaintiff after his release from Atascadero State Hospital, despite that plaintiff offered these materials to defendants.

3 - ORDER

Defendants admit plaintiff furnished evidence in support of his contention that the 1995 indictment failed to allege a crime, and that the trial transcripts evidence that no crime occurred, notwithstanding that plaintiff was convicted of four counts.

Cassidy had sanction alternatives other than jail at his disposal. A "continuum approach," would have been appropriate because plaintiff committed no new crimes.

Cassidy admits that plaintiff informed him by letter and orally that the jailing of plaintiff was unlawful.

Acts of "grooming," for which plaintiff was convicted, are not unlawful.

Defendants improperly rely on statements in the pre-sentence report to deny plaintiff's innocence of attempted sex abuse.

## Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Robinson and Farrell argue that they are not potentially liable state actors. All defendants argue that each deprived plaintiff of no rights, and that each is entitled to qualified immunity.

I. <u>Defendants Robinson and Farrell</u>

Plaintiff provides no competent evidence that Robinson and Farrell are state actors. Robinson states in his declaration that he is not an employee or contractor of any public body, but

that he had an independent treatment relationship with plaintiff, whereby he provided plaintiff with treatment plaintiff was required to obtain as a condition of parole. Robinson Decl. Farrell submits substantively identical statements. Farrell Decl. It is not enough that plaintiff is required to complete treatment as a condition of parole. A plaintiff must show concerted action between state officials and private actors in conduct allegedly violating a federal right. See Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999). Plaintiff points to no such evidence. Robinson and Farrell cannot be considered state actors on this record.

II. Defendant Cassidy

Cassidy contends that while he twice lodged plaintiff in jail, the board, and not he, imposed jail sanctions on plaintiff. He argues that the board, and not he, designated plaintiff as a predatory sex offender, so that he did not owe plaintiff a hearing. He further argues that he had reasonable grounds to believe plaintiff violated conditions of his parole when he lodged plaintiff at the Josephine County jail.

Government officials performing discretionary functions are entitled to qualified immunity if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would know. Charfouras v. Board of Elections, 249 F.3d 941, 951-52 (9th Cir. 2001). To defeat Cassidy's claim

5 - ORDER

of qualified immunity, plaintiff must establish that Cassidy's alleged conduct violated his constitutional rights, and that the constitutional standard was clearly established at the time in question. Id. If plaintiff meets this burden, Cassidy nevertheless may be entitled to qualified immunity if he can prove that a reasonable official would not have known that the conduct in question would violate plaintiff's clearly established rights. Id.

Plaintiff does not demonstrate a clearly established constitutional right to be free from the jail sanctions imposed. Plaintiff erroneously equates being lodged at the jail with the imposition of jail sanctions. He contends that Cassidy could not arrest and lodge him without providing notice of alleged parole violations and hearing. Neither state law nor the federal constitution support plaintiff's arguments.

A supervisory authority can order the arrest of a person under supervision if the authority has reasonable grounds to believe a condition of parole has been violated. Or.Rev.Stat. § 144.350(1)(a)(A). Due process requires that after a parolee is arrested for a suspected violation, a minimal inquiry in the nature of a preliminary hearing should be held to determine whether there is reasonable ground or probable cause to believe a parolee violated conditions of parole. Morrissey v. Brewer, 408 U.S. 471, 485 (1972). Plaintiff further relies on OAR 291-058-

0040 governing sanctions procedures. The rule contains provisions for notice of rights, but does not require notice prior to arrest or lodging on reasonable grounds to suspect a parole violation. See OAR 291-058-0040(2)(b).

Plaintiff does not prove a disputed issue of fact that Cassidy violated plaintiff's clearly established due process rights by lodging plaintiff on suspicion that plaintiff violated conditions of parole. Completion or successful discharge from an approved treatment program is a mandatory special condition. Or.Rev.Stat. § 144.102(3)(b)(E). The only evidence is that Cassidy lodged plaintiff after learning plaintiff had been terminated from treatment programs.

The board designated plaintiff a predatory sex offender. Cassidy Aff., ¶ 5. Plaintiff has not named board members as defendants. Cassidy's conduct is not implicated by this alleged violation of plaintiff's rights.

The complaint alleges that plaintiff has been damaged "as a result of the posting of a Child Molester sign" on plaintiff's residence and "serving notices to residents in [plaintiff's] senior community," such false and libelous information would not have been published had Cassidy not been deliberately indifferent to facts, and plaintiff "is being punished for having filed a lawsuit against defendants." Complaint at 10, ¶ 4.24.

A supervising agency is required to provide notice to anyone

it determines appropriate that the person supervised is a predatory sex offender. Or.Rev.Stat. § 181.586. Without citation to authority or evidence, defendants contend that Cassidy's actions in providing notice that plaintiff is a designated sex offender did not violate plaintiff's rights "under any stretch of the imagination," and that Cassidy acted within the discretion of his authority. That may be. Because there is no evidence or authority, however, the court at this time does not find qualified immunity for this alleged conduct, or that plaintiff fails to state a claim. Plaintiff alleges that the notices were retaliatory, and Cassidy has not explained why he determined notice was appropriate, and whether and why he may have previously determined notice was unnecessary or inappropriate.

The complaint also alleges that Cassidy took other actions against plaintiff, including denying plaintiff the ability to live in his van, use an adult health club, use the library, use the internet for legal research and to clear his name, and move to Salem. Comp., ¶ 4.1. Cassidy states he denied plaintiff access to the internet and to places where children are likely to be present because such access would be detrimental to society and plaintiff's post-prison supervision, and Cassidy cannot monitor plaintiff's online communications to ensure plaintiff does not contact children or other potential victims. Cassidy

Decl., ¶ 5. Cassidy states he denied plaintiff membership in the adult health club because the club operates a childcare center. Id. Cassidy further states that plaintiff is free to use the library so long as he doesn't use the internet. Id. Cassidy does not speak to plaintiff's allegations that he denied plaintiff the ability to live in his van and move to Salem.

Plaintiff is prohibited by the board from access to the internet without prior written approval of his parole officer. Bloom Aff., Ex. 3 at 1 & 2. If plaintiff's history does not include use of the internet to view or transmit child pornography or to meet potential victims, this condition may constitute a greater deprivation than is reasonably necessary. See United States v. Reardon, 349 F.3d 608, 619 (9th Cir. 2003) (collecting cases, noting split among circuits, upholding restrictions on defendant convicted of shipping child pornography over the internet). Considering the fact-dependent holdings that have contributed to a split among the federal courts of appeal, one convicted of attempted child sex abuse does not have a clearly established right to unfettered internet access. A reasonable parole officer would not be on notice that denying internet access pursuant to a board order providing the officer with discretion to deny access would violate a clearly established right of the parolee. Cassidy is entitled to qualified immunity for his actions in restricting plaintiff's use of the internet.

On review for plain error, the Ninth Circuit upheld the kind of restrictions against contact with minors imposed against plaintiff. Reardon, 349 F.3d at 620. Plaintiff thus does not have a clearly established right to access a health club with a childcare center, and Cassidy is entitled to qualified immunity for his conduct denying plaintiff access to this location.

To sum up, Cassidy is entitled to qualified immunity for lodging plaintiff in jail for parole violations and denying access to the internet and places frequented by children. Cassidy is not liable for the board's action designating plaintiff as a predatory sex offender. Cassidy is not entitled to qualified immunity at this time for allegedly providing retaliatory notice of plaintiff's predatory sex offender status, and for allegedly denying plaintiff the ability to live in his van or move to Salem.

## Conclusion

Based on the foregoing, defendants' motion for summary judgment [#22] is granted in part and denied in part as provided herein; plaintiff's motion for partial summary judgment [#36] is denied. Defendants Robinson and Farrell are dismissed.

IT IS SO ORDERED.

DATED this 13th day of May, 2005.

Michael R. Hogan
United States District Judge