IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NEIL B. STAFFORD,                     Civ. No. 04-3078-HO

       Plaintiff,              Order

   v.

TIM CASSIDY, et al.,

       Defendants.

Plaintiff moves for reconsideration of the order dated May 15, 2005, granting in part and denying in part defendant's motion for summary judgment, and denying plaintiff's motion for partial summary judgment. Plaintiff further moves the court to accept new evidence, and for a restraining order. Defendant Tim Cassidy moves for summary judgment.

## Factual Background

The facts are set forth in the order dated May 15, 2005, and are repeated here only to the extent the court deems necessary to resolve the pending motions. Plaintiff was sentenced for state convictions on three counts of attempted sex abuse in the first

degree and one count of attempted coercion. Defendant Cassidy is plaintiff's parole officer.

I. <u>Plaintiff's Motion for Reconsideration</u>

Plaintiff argues that reconsideration is warranted to correct "misapplications of law and omissions of filed facts." Plaintiff first contends that documents identified by defendants and evidencing that the Parole Board imposed jail sanctions on plaintiff were altered, and that plaintiff's new evidence indicates that Cassidy himself imposed the sanctions without involvement of the board. The court understands plaintiff's claim to be that Cassidy jailed him before providing required notice and hearing. The court found that the only evidence in the summary judgment record is that Cassidy had reasonable suspicion to believe plaintiff violated a condition of supervision, and that notice and hearing prior to arrest and jailing was not required. Whether the board or Cassidy thereafter imposed a sanction is not material to this due process claim.

Plaintiff argues that the court's order omits defendants' admissions of failing to review trial records to determine "whether victims were unlawfully violated," and of lack of knowledge as to whether "grooming" is a crime. Plaintiff does not identify a particular claim or theory of liability to which these alleged admissions are relevant. A judgment in favor of

plaintiff based on these admissions necessarily implies the invalidity of plaintiffs' convictions. Because plaintiff does not demonstrate that his convictions have been invalidated, claims based on these admissions must fail. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Plaintiff claims to have new evidence that his treatment providers are state actors, so that his claim that they violated his federal rights may go forward. Assuming for argument that defendants Robinson and Farrell are state actors, they, like Cassidy, are entitled to qualified immunity for discharging plaintiff from treatment for failure to take responsibility for crimes for which plaintiff was convicted. Compelling or conditioning the exercise of speech in this manner serves a rehabilitative purpose and does not violate First or Eighth Amendment rights, as plaintiff alleges. See United States v. Bee, 162 F.3d 1232, 1234-35 (9th Cir. 1998); Neal v. Shimoda, 131 F.3d 818, 833 (9th Cir. 1997). And even if the alleged conduct violated plaintiff's federal rights, such rights were not so clearly established that defendants would have been on notice that their alleged conduct was illegal.

Plaintiff's motion for reconsideration is granted. For the foregoing reasons and those stated in the order dated May 15, 2005, the order is affirmed.

II. Plaintiff's Motion to Accept New Evidence

3 - ORDER

Plaintiff offers new evidence, apparently to prove that the conduct for which he was convicted is lawful, and that treatment providers are state actors. As discussed above, the former issue is not material, and the treatment provider defendants are entitled to qualified immunity should they be considered state actors. Plaintiff offers the affidavit of Rev. Clay and Geri Johnson to prove, inter alia, that Cassidy denied plaintiff's request that he be permitted to live in his van. The affidavit does not establish the basis for the witnesses' knowledge. Further, this evidence is cumulative to allegations in the verified complaint that Cassidy did not permit plaintiff to live in his van. See 28 U.S.C. § 1746; see also Hartsfield v. Coburn, 371 F.3d 454, 456 (8th Cir. 2004). The motion to accept new evidence is denied.

III. Plaintiff's Motion for Restraining Order

Plaintiff seeks to restrain defendants and others from requiring that he admit conduct for which he was convicted, so that he may be free from termination from treatment for this reason, and from jailing, unless there is a new crime and processes outlined in Or.Rev.Stat. § 144.106 and OAR 213-011-0004 and 291-058-0040 are followed. As discussed above, plaintiff's federal rights are not violated by the requirement of acceptance of responsibility for successful completion of treatment that is required as a condition of supervision. Plaintiff does not

4 - ORDER

demonstrate a past violation or likelihood of future violation of the cited state statute and administrative rules, or that any such violation deprives plaintiff of federal rights, privileges or immunities. Plaintiff is not entitled to a restraining order.

IV. <u>Defendant's Second Motion for Summary Judgment</u>

At the outset, plaintiff objects to defendant's motion for summary judgment. According to plaintiff, discovery has not been completed, the court has not resolved plaintiff's motion for reconsideration, plaintiff was unlawfully determined to be a predatory sex offender, and there are numerous issues of fact in dispute. The discovery period closed March 7, 2005. Plaintiff has not moved to extend discovery and does not state what additional discovery is needed. Plaintiff's motion for reconsideration is now resolved. Plaintiff concedes that Cassidy did not designate him a predatory sex offender. While the existence of disputed issues of material fact may preclude a grant of summary judgment, it does not require the court to refrain from considering the motion. The court will consider defendant's motion.

Cassidy argues that he is entitled to qualified immunity from liability for the remaining allegations that he (1) denied plaintiff the ability to live in his van and move to Marion County, Oregon, and (2) that he posted notification of defendant's status as a designated sex offender in retaliation

5 - ORDER

for plaintiff filing a lawsuit in Josephine County, Oregon. Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The parties dispute whether plaintiff asked to live in his van, and wether Cassidy denied this request. Plaintiff argues that the denial of this request amounts to cruel and unusual punishment. Pl's Memo. at 5. Cassidy states that he denied plaintiff's request to move to Marion County because plaintiff did not prepare a plan addressing how the transfer would satisfy public safety concerns as required by OAR 291-019-0120, plaintiff would likely be terminated from treatment, and plaintiff failed a polygraph examination. Plaintiff does not demonstrate that Cassidy's alleged conduct in denying plaintiff the opportunity to live in his van or move to Marion County violates plaintiff's constitutional rights, and that the constitutional standard was clearly established at the time the alleged denials. See Charfouras v. Board of Elections, 249 F.3d 941, 951-52 (9th Cir. 2001). Cassidy is therefore entitled to qualified immunity from these allegations.

Cassidy is also entitled to summary judgment on plaintiff's claim that Cassidy provided notice of plaintiff's designation as a sex offender in retaliation for plaintiff filing a lawsuit against Cassidy. Cassidy states that he placed two notices after

6 - ORDER

plaintiff was twice discharged from treatment, and after first notifying plaintiff. Cassidy further states that he did so because plaintiff was not compliant with conditions of parole, and because he determined that giving notice was in the best interest of plaintiff's community. Cassidy Decl., ¶¶ 6-7. Cassidy also states that plaintiff's lawsuit was not the reason he posted notification, and that he does not recall seeing the lawsuit. Id. Plaintiff points to a subpoena as evidence that Cassidy had knowledge of the lawsuit. Because Cassidy produced evidence of a non-retaliatory reason for his conduct, plaintiff must do more than produce evidence that Cassidy knew of plaintiff's protected activity. Keyser v. Sacramento City Unified School District, 265 F.3d 741, 751-52 (9th Cir. 2001). Plaintiff has not met his burden, and Cassidy is entitled to summary judgment on this claim.

The court identifies no additional unresolved claims in the pro se complaint.

## Conclusion

Based on the foregoing, plaintiff's motion for reconsideration [#60] is granted; upon reconsideration, the order dated May 15, 2005 is affirmed; plaintiff's motion to accept new evidence [#64] is denied; plaintiff's motion for restraining

///
///

order [#65] is denied; defendant's motion for summary judgment [#66] is granted. This action is dismissed.

IT IS SO ORDERED.

DATED this 26th day of July, 2005.

                                              *Michael R. Hogan*
                                          United States District Judge